1980732-02a

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **GREGORY HERRERA** | § | |
| | § | |
| **Plaintiff** | § | |
| **V.** | § | **CIVIL ACTION NO. 5:22-CV-01120** |
| | § | |
| **TRAVELERS PERSONAL INSURANCE** | § | |
| **COMPANY** | § | |
| | § | |
| **Defendant** | § | |

## APPENDIX TO NOTICE OF REMOVAL

Exhibit A:     State Court Docket Sheet

Exhibit B:     Plaintiff's Original Petition

Exhibit B-1:   Affidavit of Service for Travelers

Exhibit B-2:   Defendant's Original Answer

Exhibit B-3:   Defendant's Jury Demand

Exhibit C:     State Court Notice of Filing Removal

https://research.txcourts.gov/CourtRecordsSearch/ViewCasePrint/6e63b76d89c65676af449f7e663af4f1

## Case Information

### GREGORY HERRERA vs. TRAVELERS PERSONAL INSURANCE COMPANY

22-1965-CV-E

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| Guadalupe County - 456th District Court | Civil - Contract | Debt/Contract - Other | 9/16/2022 |

Judge
Wright, Heather

## Parties 2

| Type | Name | Attorneys |
|---|---|---|
| Plaintiff | GREGORY HERRERA | ROBERT W LOREE |
| Defendant | Travelers Personal Insurance Company | |

## Events 4

| Date | Event | Type | Comments | Documents |
|---|---|---|---|---|
| 9/16/2022 | Filing | Petition | Plaintiffs Original Petition | Herrera - POP.pdf |
| 9/23/2022 | Filing | Return | Affidavit of Service for Travelers | signed-affidavit for Travelers.pdf |
| 9/26/2022 | Filing | No Fee Documents | Defendant's Demand for Jury | 1980732 Travelers Jury Demand.pdf |
| 9/26/2022 | Filing | Answer/Response | Defendant's Original Answer | 1980732 Travelers Original Answer 9-26-22.pdf |

© 2022 Tyler Technologies, Inc. | All Rights Reserved
Version: 2022.9.0.3415

EMPOWERED BY
TYLER TECHNOLOGIES

EXHIBIT A

Electronically Filed
9/16/2022 4:02 PM
Linda Balk
Guadalupe County District Clerk
Diana Alaniz

22-1965-CV -E

CAUSE NO. _____

| | | |
|---|---|---|
| **GREGORY HERRERA** | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | \_\_\_\_\_ JUDICIAL DISTRICT |
| **TRAVELERS PERSONAL INSURANCE** | § | |
| **COMPANY** | § | |
| | § | |
| **Defendant** | § | GUADALUPE COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Gregory Herrera (hereinafter "Mr. Herrera"), files this original petition complaining of Defendant, Travelers Personal Insurance Company, in which Plaintiff seeks monetary relief over $100,000 but not more than $200,000. In support of this petition, Plaintiff would show this honorable court as follows:

### I. Parties, Venue, and Discovery Level

Plaintiff, Gregory Herrera is a Texas resident, who is the named insured for the subject property located at 1720 FM467, Seguin, Texas 78155 under his homeowner's insurance policy with Travelers Personal Insurance Company.

Defendant, Travelers Personal Insurance Company (hereinafter "Travelers"), is a foreign insurance company doing business in Texas that can be served by serving its registered agent, Corporation Service Company, located at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

Plaintiff intends to conduct discovery in this case under the Level 3 Discovery Plan in Rule 190.4 of the Texas Rules of Civil Procedure.

### II. Agency and Respondeat Superior

Whenever in this petition it is alleged that the Defendant did any act or thing, it is meant that Defendant or its agents, officers, servants, employees, or representatives did such act or

EXHIBIT B

thing. They were also done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

### III. Conditions Precedent

All conditions precedent to recovery have occurred or been performed.

### IV. Facts of the Case

Mr. Herrera purchased a homeowner's insurance policy from Travelers (Policy Number 604870306) to cover property losses to his home for the policy period of July 27, 2020 to July 27, 2021. On or about February 16, 2021, during the subject policy period, a severe winter storm known as Winter Storm Uri, or the Texas Freeze, impacted the state.[1] During the Texas Freeze, widespread power outages occurred across Texas due to an inadequate power grid and many buildings lost heat for an extended period of time. Without power and heat, the water in many interior water pipes froze and burst those pipes, which resulted in substantial interior water damage to those buildings. One of those structures was Mr. Herrera's home located at 1720 FM, Seguin, Texas 78155.

Prior to the Texas Freeze, in March of 2020, Mr. Herrera worked with realtor Sherry Krause of Century 21 to facilitate the sale of his home. Ms. Krause suggested that Mr. Herrera move his furniture out of his house so it could be photographed without furnishings for the listing. Ms. Krause had suggested that this staging of the home without furnishings would make it more marketable. Thereafter, in September of 2020, Mr. Herrera and his company "Greg Herrera Paving Sand & Gravel" (hereinafter "his company"), moved all of his furniture out of his home to prepare for Ms. Krause to take pictures of the home to list it for sale on Century 21's website. After pictures of Mr. Herrera's home were taken, his company helped move approximately sixty-percent of the furniture back into his home. During the six-month period that his home was listed for sale, Mr. Herrera only received one written offer. Mr. Herrera rejected

---

[1] This winter storm lasted for over a week.

this offer due to insufficient price. Travelers obtained this information from Mr. Herrera and others and Mr. Herrera gave it to Travelers again during Mr. Herrera's examination under oath.

When the Texas Freeze started, Mr. Herrera was visiting his daughter, Iris Herrera, and his grandchild at her home. Since the roads were icy and dangerous, Mr. Herrera stayed with his daughter for several more days. On February 19, 2021, Mr. Herrera returned home and discovered that plumbing leaks from burst pipes had flooded his home with several inches of water and the leaks had also caused his kitchen ceiling to collapse. On this same day, Mr. Herrera reported this loss to Travelers and its agents, who assigned this loss the claim number ILQ3741001H and date of loss February 19, 2021. Travelers initially assigned Samuel Williams to adjust the claim.

Since his home was not habitable due to the extensive water damage, Mr. Herrera moved in with his daughter at her home located at 205 Windy Hill, Seguin, Texas 78155 and began paying her $1,500 a month for rent. Thereafter, Mr. Herrera contracted with Ramos Construction, Inc. (hereinafter "Ramos Construction") to inspect his home and prepare an estimate of the reasonable and necessary cost to repair its water damage.

On February 22, 2021, Ramos Construction and Williams of Travelers inspected Mr. Herrera's home. During this inspection, Ramos Construction documented substantial interior water damage and prepared an estimate for the reasonable and necessary cost to repair this damage, which Mr. Herrera gave to Williams and Travelers. Specifically, Ramos Construction found multiple pipe bursts throughout Mr. Herrera's home that caused widespread flooding and water damage to the interior walls, ceilings, frames, floors, base boards, sheetrock, counter tops, cabinets, and insulation. Ramos Construction also noted that the water that had flooded the house was eight inches high throughout the entire home. In its estimate, Ramos Construction determined the cost to properly restore the home to its pre-loss condition was approximately $117,950.

During this inspection, Williams of Travelers photographed the water damage in Mr.

Herrera's home. Thereafter, Williams orally estimated the damage to the dwelling at approximately $90,000 to $100,000, but did not pay this amount. Williams also did not evaluate the damage to the home's contents or Mr. Herrera's claim for additional living expenses. Mr. Herrera later learned that Williams in a private conversation with Ramos had disparaged Mr. Herrera and his claim. Williams also inappropriately accused Mr. Herrera of abandoning his home and being at fault for the subject damage.

Over the following eight months after the February 22, 2021 inspection, Mr. Herrera made multiple calls to Williams to ascertain whether Travelers would pay his claim, but Williams did not answer or return those telephone calls. To date, the February 22, 2021 inspection was the only time Williams ever visited Mr. Herrera's home.

Instead of promptly adjusting and paying Mr. Herrera's claim, Williams and Travelers embarked on a bad faith effort to try to avoid the obvious coverage under the Travelers' policy for the burst pipes and water damage, Williams and Travelers contended that Mr. Herrera had abandoned his home and that the claim was not covered under the policy's vacancy clause. During this bad faith effort, Travelers ignored the information that Mr. Herrera had provided them about his furniture being moved out. As part of this bad faith effort, Williams and Travelers requested Mr. Herrera's electric bills, which he provided and which showed that he had consistently maintained the utilities to his home. During this time, Mr. Herrera also reiterated to Williams and Travelers that he was living with his daughter, Iris Herrera, and was paying her monthly rent. Even though Mr. Herrera informed Williams about his claim for additional living expenses under his policy with Travelers, Williams did not ask how much Mr. Herrera was incurring per month in rent and also told him that he was overwhelmed with other freeze claims.

On April 22, 2021, Travelers took recorded statements of Mr. Herrera's daughter, Iris Herrera, and Joseph Gonzalez, an employee who works for Mr. Herrera's company. During this questioning, Mr. Gonzalez and Iris Herrera told Travelers that Mr. Herrera was living with her and that he was in the process of remediating the water damage to his home. Mr. Gonzalez also

told Travelers that the home's furniture and personal contents were severely damaged and were currently in storage. Mr. Herrera also believes that Williams and Travelers contacted his realtor, Sherry Krause with Century 21, and inquired about the furniture being moved out of the home for staging and photographing purposes, which Ms. Krause verified.

As part of its bad faith and wrongful effort to delay and string out Mr. Herrera's claim, in a May 27, 2021 letter to Mr. Herrera, Travelers requested that he submit to an examination under oath (hereinafter "EUO") to be questioned by Travelers' lawyer. Travelers also stated that its counsel would not be available to perform the EUO until September of 2021. Mr. Herrera believes that Travelers requested this EUO to string out and delay the claim instead of properly investigating, determining, and promptly paying the loss to Mr. Herrera's home from the subject freeze and water damage. In this respect, Mr. Herrera had already given Travelers and its adjuster the information that it had requested, including Ramos Construction's invoice and Mr. Herrera's electric and power bills. Mr. Herrera also believes that Travelers had already obtained information from third parties, which verified all of Mr. Herrera's statements.

On January 19, 2022, nearly eight months later, Travelers finally took an EUO of Mr. Herrera. During this EUO, Mr. Herrera re-iterated the above described damage to his home from the Texas Freeze and told Travelers that he had been living with his daughter and paying her $1,500 per month in rent. Mr. Herrera also told Travelers that he had started repairing his home through his company and its workers. Mr. Herrera also told Travelers that he was forced to perform these repairs from his own funds because Travelers had refused to pay his claim.

In order to complete the repairs to his home, Mr. Herrera obtained a loan for $107,000 from the U.S. Small Business Administration (hereinafter "SBA"). On February 15, 2022, Mr. Herrera and his company used the money from the SBA to begin repairs to his home which included without limitation the following:

(1) Vacuuming out water; (2) Tearing out and replacement of rotted sheetrock; (3) Tearing out and replacement of water damaged flooring; (4) Repairing the A/C and heater; (5) Removing busted pipes; (6) Repairing the water heater and

plumbing in the home; (7) Re-wiring water damaged light fixtures; (8) Replacing water damaged insulation; (9) Painting of the cabinets and walls; (10) Replacing damaged appliances in the kitchen; and (11) Repairing damaged countertops and cabinets.

These repairs from resulting water damage due to the February 16, 2021 Texas Freeze cost Mr. Herrera approximately $133,800. In addition, Travelers owes Mr. Herrera $21,600 in rent paid to his daughter, $1,500 in groceries that spoiled due to the loss of power to his home during the Texas Freeze, and $4,200 in water and electric bills that he incurred while the home was not habitable, for a total claim amount of approximately $161,100.

Thereafter, on March 23, 2022, Williams of Travelers sent Mr. Herrera his estimate of the freeze and water damage to Mr. Herrera's property. In this estimate, Travelers noted that the kitchen, living room, hallways, and bedrooms had sustained substantial damage that required tear out of the ceilings, cabinetry, plumbing fixtures, drywalls, and removal of the water treatment system. Travelers' estimate also included costs to install new insulation, sealing and painting of the drywalls, replacing the cabinets, including installation of a new sink, water extraction, and repair of the vinyl floor covering. Despite observing the above-described damage, Williams low-ball estimate was for a replacement cost amount of only $70,573.51 less the $4,860 deductible for a net amount of $65,713.51. Williams and Travelers also failed to address Mr. Herrera's claim for additional living expenses for rent he paid to his daughter.

In a March 23, 2022 letter, Anthony Coleman (hereinafter "Coleman") of Travelers reworked the estimate and issued payment for $67,877.08 to Mr. Herrera, Loree & Lipscomb, and his lender, Quicken Loans. This amount allegedly represented the replacement cost of $91,648.03 less the deductible of $4,860 and recoverable depreciation of $18,910.95 for a total actual cash value amount of $67,877.08. Plaintiff had this $67,877.08 returned check to Travelers since it contains an improper payee and failed to properly pay the claim. Quicken Loans does not have any interest in these funds for the repair of the dwelling because Mr. Herrera has already made the repairs. To date, Travelers has not re-issued this check to Mr.

Herrera or made any other payment on the claim.

On August 16, 2022, nearly eight months after Mr. Herrera and his company completed repairs to his home, Travelers sent appraiser, Scott Lansing (hereinafter "Lansing") of Riverstone Building and Consulting, to inspect and prepare an estimate for the freeze and ensuing water damage to Mr. Herrera's property. Mr. Herrera believes this inspection was another ridiculous attempt to delay and stall out the claim because the water damage to the property had already been fully repaired and there was no damage for Travelers or Lansing to inspect. Even though Travelers has already been provided with everything it needed to fully pay and resolve this claim, Mr. Herrera allowed Lansing to inspect his home and take measurements. Travelers, however, did not provide Mr. Herrera with any report of estimate by Lansing on this inspection. To date, Travelers has failed to properly pay Mr. Herrera for his loss and the substantial water damage in his home from plumbing leaks.

## V. Cause of Action for Breach of Contract

According to the insurance policy that Plaintiff purchased, Travelers has the duty to investigate and pay Plaintiff policy benefits for claims made for damages to their property caused by plumbing leaks on or about February 16, 2021. As a result of these leaks, Plaintiff's property has sustained extensive damage, which is covered under Plaintiff's insurance policy with Travelers. Travelers has also breached this contractual obligation and the subject insurance policy by failing to properly pay Plaintiff's policy benefits for the cost to properly repair the subject damage to his property as described herein. Travelers has also breached any contractual provisions on timely investigating, adjusting, and paying Plaintiff's water damage insurance claim. As a result of these breaches of contract, Plaintiff has suffered the damages that are described herein.

## VI. Causes of Action for Violation of Chapter 542 of the Insurance Code

Travelers conduct that is described in this petition violates Chapter 542 of the Texas Insurance Code. Within 15 days after the receipt of either actual or written notice of Plaintiff's

insurance claim on February 19, 2021, Travelers did not request from Plaintiff any items, statements, and forms that it reasonably believed at that time would be required from Plaintiff for his claim. As a result, Travelers has violated Chapter 542 by failing to accept or reject Plaintiff's claim in writing within 36 days after receiving either actual or written notice of his claim on February 19, 2021. Travelers has also violated Section 542.058 by failing to properly pay Plaintiff claim within 75 days after it received either actual or written notice of the claim or within 60 days after any other applicable statutory period.

For these violations, Travelers owes Plaintiff the 18% per annum interest as damages for its failure to timely pay the amounts that it did pay and for any unpaid amount under Section 542.060 of the Texas Insurance Code plus reasonable attorney's fees, prejudgment interests and court costs. In the event it is determined that Travelers owes Plaintiff any additional monies, then Travelers has automatically violated Chapter 542 of the Texas Insurance Code.

## VII. DTPA Causes of Action

Plaintiff incorporates all the allegations in this petition for these causes of action against Defendant, Travelers, under the provisions of the DTPA. Plaintiff has met all conditions precedent to bringing these causes of action against Defendant. Specifically, the violations of Travelers of the DTPA include, without limitation, the following matters:

A. By its acts, omissions, failures, and conduct that is described in this petition, Defendant Travelers has violated Sections 17.46(b)(5), (7), (12), and (20) of the DTPA. In this respect, Travelers' violations include, without limitation, (1) its unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim; (2) its failure to properly investigate Plaintiff's claim; (3) its hiring of and reliance upon biased adjusters to obtain favorable, result-oriented reports and estimates to assist the insurer in low-balling Plaintiff's insurance claim; and (4) its failure to pay for the proper repair of Plaintiff's property after its liability become reasonably clear;

B. As described in this petition, Defendant has represented to Plaintiff that Travelers insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

C. As described in this petition, Defendant represented to Plaintiff that Travelers insurance policy and Defendant's adjusting and investigative services were of a particular

standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

D. As described in this petition, Defendant represented to Plaintiff that Travelers insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) if the DTPA;

E. By representing that Travelers would pay to repair the damages caused by the subject plumbing leaks and water damage and then not doing so, Defendant have violated Sections 17.46(b)(5), (7), and (12) of the DTPA;

F. Travelers has breached an express warranty that the damage caused by the subject plumbing leaks and water damage would be covered under the subject insurance policy. This breach entitles Plaintiff to recover under Sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

G. Travelers actions, as described herein, are unconscionable in that they took advantage of Plaintiff lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

H. Travelers conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this petition.

## VIII. Causes of Action for Unfair Insurance Practices

Plaintiff incorporates all of the allegations in this petition for these causes of action against Traveler under the Texas Insurance Code. Plaintiff have satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct Travelers has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Travelers failures to properly and reasonably investigate Plaintiff' claim. They also include Travelers unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and their failure to pay for the proper repair of Plaintiff's property on which Defendant's liability had become reasonably clear. They further include Defendant's hiring and use of biased adjusters and consultants to obtain result-

oriented reports and estimates to assist Defendant in low-balling Plaintiff's insurance claim. In addition, Defendant failed to look for coverage and give Plaintiff's the benefit of the doubt. Specifically, Travelers is guilty of the following unfair insurance practices:

    A. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

    B. Engaging in unfair claims settlement practices;

    C. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

    D. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim on which Defendant's liability has become reasonably clear;

    E. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

    F. Refusing to properly pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim and by conducting a sham investigation that ignored and excluded pertinent items of Plaintiff's loss; and

    G. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

Travelers has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

### IX. Causes of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures, and conduct, Travelers has breached its common law duty of good faith and fair dealing by partially denying Plaintiff's claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for its partial denial and low-ball payment. Defendant has also breached its duty by unreasonably delaying payment of Plaintiff's claim and by failing to settle Plaintiff's claim because Travelers knew or should have known that it was reasonably clear that the entire claim was covered. Travelers acts, omissions, failures, and conduct proximately caused Plaintiff's

damages.

## X. <u>Waiver and Estoppel</u>

Travelers has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights or denial letters previously sent to Plaintiff.

## XI. <u>Damages</u>

The above-referenced conduct of Travelers has caused Plaintiff damages, which include, without limitation, the unpaid cost to properly repair the water damage to Plaintiff's home and his other losses in the approximate amount of $161,100, plus any investigative and engineering fees incurred during the claim process and less any prior payments and the deductible. Plaintiff is also entitled to recover the eighteen percent per annum interest as damages on all late and unpaid amounts under Section 542.060 of the Texas Insurance Code. All the damages described in this petition are within the jurisdictional limits of the Court.

## XII. <u>Additional Damages</u>

Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. As a result, Plaintiff are entitled to additional damages under Section 17.50(b)(1) of the DTPA and Chapter 541 of the Texas Insurance Code.

## XIII. <u>Exemplary Damages</u>

Travelers breach of its duty of good faith and fair dealing was done intentionally and with "malice" and "gross negligence" as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Travelers are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Travelers for its wrongful conduct and to set an example to deter this Defendant and others similarly situated from committing similar acts in the future.

### XIV. <u>Rule 194 Required Disclosure</u>

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant are required to disclose within 30 days of their answer in this case the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

### XV. <u>Objection to Assignment to an Associate, Visiting, or Retired Judge</u>

Plaintiff objects to the referral of this case to any associate, visiting, or retired judge for any hearing in this case or for a trial on the merits.

WHEREFORE, PREMISES CONSIDERED, Plaintiff *demands a trial by jury* and also requests that Defendant be cited to appear and answer herein, and that after the final hearing in this case, the court award Plaintiff a judgment against Defendant for the following:

1. All actual damages, economic, consequential, additional, and exemplary damages in an amount within the jurisdictional limits of the court;
2. Reasonable attorney's fees through trial and on appeal;
3. Eighteen percent per annum interest on all late or unpaid policy benefits pursuant to Chapter 542 of the Texas Insurance Code.
4. Pre-judgment and post-judgment interest and costs of court as provided by law;
5. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

*Loree & Lipscomb*
The Terrance at Concord
777 E. Sonterra Blvd, Suite 320
San Antonio, Texas 78258
Telephone: (210) 404-1320
Facsimile:  (210) 404-1310


By: */s/Robert W. Loree*
    Robert W. Loree
    State Bar No. 12579200
    rob@lhllawfirm.com
    Trevis R. Loree
    State Bar No. 24129235
    trevis@lhllawfirm.com


Attorneys for Plaintiff

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Krystal Guzman on behalf of Robert Loree
Bar No. 12579200
krystal@lhllawfirm.com
Envelope ID: 68351293
Status as of 9/19/2022 9:07 AM CST
Associated Case Party: GREGORY HERRERA

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Krystal Guzman | | krystal@lhllawfirm.com | 9/16/2022 4:02:06 PM | SENT |
| Stephen Fields | | stephen@lhllawfirm.com | 9/16/2022 4:02:06 PM | SENT |
| Trevis Loree | | trevis@lhllawfirm.com | 9/16/2022 4:02:06 PM | SENT |
| Robert WLoree | | rob@lhllawfirm.com | 9/16/2022 4:02:06 PM | SENT |

CAUSE NO. 22-1965-CV-E

Electronically Filed
9/23/2022 9:59 AM
Linda Balk
Guadalupe County District Clerk
Coral Lopez

| | | |
|---|---|---|
| **GREGORY HERRERA** | § | |
| *Plaintiff(s),* | § | |
| | § | IN THE 25TH DISTRICT COURT |
| | § | |
| v. | § | OF |
| | § | |
| **TRAVELERS PERSONAL INSURANCE COMPANY** | § | |
| *Defendant(s).* | § | GUADALUPE COUNTY, TEXAS |
| | § | |

## **AFFIDAVIT OF SERVICE**

I, Alisha Hahn, being duly sworn, state:

I am not a party to or interested in the outcome of this suit.

I received the following documents on September 20, 2022 at 10:52 am. I delivered these documents on Travelers Personal Insurance Company in Travis County, TX on September 21, 2022 at 11:59 am at 211 E 7th St, Suite 620, Austin, TX 78701 by leaving the following documents with Terri Tremblay who as Intake Specialist at CSC is authorized by appointment or by law to receive service of process for Travelers Personal Insurance Company.

Citation and Plaintiff's Original Petition

Additional Description:
I arrived at 211 East 7th St Austin Tx at 11:48am. I went to Suite 620 and signed in. Ms. Tremblay asked if I were dropping off server papers, and I told her yes. She came and accepted them, and I left.

I delivered the documents to Terri Tremblay, Intake Specialist for Registered Agent CSC.

Hispanic or Latino Female, est. age 63, glasses: Y, Black hair, 140 lbs to 160 lbs, 5' 3" to 5' 6".
Geolocation of Serve: http://maps.google.com/maps?q=30.26867554,-97.74088257
Photograph: See Exhibit 1

My name is Alisha Hahn, my date of birth is 1/30/1983, and my address is 4600 Nuckols Crossing Road, 1702, Austin, TX 78744, and USA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in ___Travis County___,
___TX___ on ___9/22/2022___.

/s/ *Alisha Hahn*

Alisha Hahn - (832) 808-4870
Certification Number: PSC-19534
Expiration Date: 3/31/2023

**EXHIBIT B-1**

Copy from re:SearchTX

# Exhibit 1



Exhibit 1a)

Exhibit 1b)



Copy from re:SearchTX



Exhibit 1c)

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Krystal Guzman on behalf of Robert Loree
Bar No. 12579200
krystal@lhllawfirm.com
Envelope ID: 68548756
Status as of 9/23/2022 3:37 PM CST
Associated Case Party: GREGORY HERRERA

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Krystal Guzman | | krystal@lhllawfirm.com | 9/23/2022 9:59:18 AM | SENT |
| Trevis Loree | | trevis@lhllawfirm.com | 9/23/2022 9:59:18 AM | SENT |
| Robert WLoree | | rob@lhllawfirm.com | 9/23/2022 9:59:18 AM | SENT |
| Stephen Fields | | stephen@lhllawfirm.com | 9/23/2022 9:59:18 AM | SENT |

Copy from re:SearchTX

092222  RFS:pcc: 1980-732 ANS/JD

Electronically Filed
9/26/2022 10:29 AM
Linda Balk
Guadalupe County District Clerk
Ashley Brothers

## CAUSE NO. 22-1965-CV-E

| | | |
|---|---|---|
| GREGORY HERRERA | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 25TH JUDICIAL DISTRICT |
| | § | |
| TRAVELERS PERSONAL INSURANCE | § | |
| COMPANY | § | |
| | § | |
| Defendant. | § | GUADALUPE COUNTY, TEXAS |

## <u>DEFENDANT'S ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **TRAVELERS PERSONAL INSURANCE COMPANY,** Defendant in the above-entitled and numbered cause, and files this ORIGINAL ANSWER replying to PLAINTIFF'S ORIGINAL PETITION and for same says:

### <u>GENERAL DENIAL</u>

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial and demands that Plaintiff prove his allegations by a preponderance of the evidence.

### <u>NOTICE OF CONSENT TO ELECTRONIC SERVICE</u>

Defendant consents to electronic service of pleadings, motions, orders, notices, and discovery in this cause **_only_** when service is completed through eFileTexas.gov, the state-authorized electronic filing manager.

### <u>PRAYER</u>

WHEREFORE, Defendant **TRAVELERS PERSONAL INSURANCE COMPANY** prays that Plaintiff recover nothing from it by way of this suit; that this Defendant recover costs of court, and for such other and further relief, both at law and in equity, to which this Defendant may

EXHIBIT B-2

092222 RFS:pcc: 1980-732 ANS/JD

be justly entitled.

Respectfully submitted,

**BROCK ♦ GUERRA
STRANDMO DIMALINE JONES, P.C.**
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100 Telephone
(210) 979-7810 Facsimile

BY: _____

ROBERT F. SCHEIHING
State Bar No. 17736350
Email: bscheihing@brock.law

ATTORNEYS FOR DEFENDANT
**TRAVELERS PERSONAL
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been served in accordance with the Texas Rules of Civil Procedure on this 26th day of September 2022, to:

Robert W. Loree
Trevis R. Loree
Loree & Lipscomb
The Terrace at Concord Park
777 E. Sonterra Blvd, Ste. 320
San Antonio, TX 78258

Email    rob@lhllawfirm.com
         trevis@lhllawfirm.com

_____

ROBERT F. SCHEIHING

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Patt Cantu on behalf of Robert Scheihing
Bar No. 17736350
pcantu@brock.law
Envelope ID: 68596639
Status as of 9/26/2022 10:39 AM CST

Associated Case Party: GREGORY HERRERA

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Krystal Guzman | | krystal@lhllawfirm.com | 9/26/2022 10:29:37 AM | SENT |
| Trevis Loree | | trevis@lhllawfirm.com | 9/26/2022 10:29:37 AM | SENT |
| Robert WLoree | | rob@lhllawfirm.com | 9/26/2022 10:29:37 AM | SENT |
| Stephen Fields | | stephen@lhllawfirm.com | 9/26/2022 10:29:37 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Patt Cantu on behalf of Robert Scheihing
Bar No. 17736350
pcantu@brock.law
Envelope ID: 68596639
Status as of 9/26/2022 10:39 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Robert Scheihing | | bscheihing@brock.law | 9/26/2022 10:29:37 AM | SENT |

092222  RFS:pcc: 1980-732 ANS/JD

Electronically Filed
9/26/2022 10:29 AM
Linda Balk
Guadalupe County District Clerk
Ashley Brothers

CAUSE NO. 22-1965-CV-E

| | | |
|---|---|---|
| GREGORY HERRERA | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 25TH JUDICIAL DISTRICT |
| | § | |
| TRAVELERS PERSONAL INSURANCE | § | |
| COMPANY | § | |
| | § | |
| Defendant. | § | GUADALUPE COUNTY, TEXAS |

## DEMAND FOR JURY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **TRAVELERS PERSONAL INSURANCE COMPANY,** Defendant in the above-entitled and numbered cause, and makes this DEMAND FOR JURY TRIAL.

Respectfully submitted,

**BROCK ♦ GUERRA**
**STRANDMO DIMALINE JONES, P.C.**
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100 Telephone
(210) 979-7810 Facsimile

BY: _____
ROBERT F. SCHEIHING
State Bar No. 17736350
Email: bscheihing@brock.law

ATTORNEYS FOR DEFENDANT
**TRAVELERS PERSONAL**
**INSURANCE COMPANY**

**EXHIBIT B-3**

092222  RFS:pcc: 1980-732 ANS/JD

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been served in accordance with the Texas Rules of Civil Procedure on this 26th day of September 2022, to:

Robert W. Loree                  Email      rob@lhllawfirm.com
Trevis R. Loree                             trevis@lhllawfirm.com
Loree & Lipscomb
The Terrace at Concord Park
777 E. Sonterra Blvd, Ste. 320
San Antonio, TX 78258

ROBERT F. SCHEIHING

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Patt Cantu on behalf of Robert Scheihing
Bar No. 17736350
pcantu@brock.law
Envelope ID: 68596639
Status as of 9/26/2022 10:39 AM CST
Associated Case Party: GREGORY HERRERA

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Krystal Guzman | | krystal@lhllawfirm.com | 9/26/2022 10:29:37 AM | SENT |
| Trevis Loree | | trevis@lhllawfirm.com | 9/26/2022 10:29:37 AM | SENT |
| Robert WLoree | | rob@lhllawfirm.com | 9/26/2022 10:29:37 AM | SENT |
| Stephen Fields | | stephen@lhllawfirm.com | 9/26/2022 10:29:37 AM | SENT |

### Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Patt Cantu on behalf of Robert Scheihing
Bar No. 17736350
pcantu@brock.law
Envelope ID: 68596639
Status as of 9/26/2022 10:39 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Robert Scheihing | | bscheihing@brock.law | 9/26/2022 10:29:37 AM | SENT |

1980732-03

## CAUSE NO. 22-1965-CV-E

| | | |
|---|---|---|
| **GREGORY HERRERA** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **25TH JUDICIAL DISTRICT** |
| | § | |
| **TRAVELERS PERSONAL INSURANCE** | § | |
| **COMPANY** | § | |
| **Defendant** | § | **GUADALUPE COUNTY, TEXAS** |

### <u>DEFENDANT TRAVELERS PERSONAL INSURANCE COMPANY'S NOTICE OF FILING NOTICE OF REMOVAL</u>

TO THE HONORABLE JUDGE OF SAID COURT:

PLEASE TAKE NOTICE that on the 14th day of October, 2022, Defendant TRAVELERS PERSONAL INSURANCE COMPANY ("Defendant"), filed with the clerk of the United States District Court for the Western District of Texas, San Antonio Division, it's Notice of Removal, together with copies of all process, pleadings and orders served upon it in the action pending against it in 25th Judicial District Court, Guadalupe County, Texas, styled *Gregory Herrera  v. Travelers Personal Insurance Company*, Cause Number 22-1965-CV-E.

True and correct copies of the Notice of Removal and the Appendix Filed in Support of the Notice of Removal are attached hereto as Exhibit "A" and included herein by reference for all purposes.

All further proceedings with respect to this action shall take place before the United States District Court.

```
EXHIBIT C
```

1980732-03

Respectfully submitted,

**BROCK ♦ GUERRA**
    **STRANDMO DIMALINE JONES, P.C.**
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100 Telephone
(210) 979-7810 Facsimile

By:

    ROBERT F. SCHEIHING
    State Bar No. 17736350
    bscheihing@brock.law

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

    This is to certify that a true and correct copy of the above and foregoing document has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure this 14th day of October, 2022:

Rob Loree                Email: rob@jlhllawfirm.com
Trevis Loree           Email: trevis@lhllawfirm.com
Loree & Lipscomb
The Terrace at Concord
777 E. Sonterra Blvd., Suite 320
San Antonio, Texas 78258

    ROBERT F. SCHEIHING